IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL CHESS

           Plaintiff,                    No. CIV S-10-1260 GEB KJM P

     vs.

R. QUEZADA

           Defendant.              <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action under 42 U.S.C. § 1983.  On September 22, 2010, the court ordered that service was appropriate for defendant Quezada and instructed the Clerk to provide the necessary service documents to plaintiff.  Plaintiff had thirty days in which to return the completed service documents in accord with the court's order.  <u>See</u> Docket No. 8.

        Plaintiff complied with the court's order by returning the completed service documents, but, on the same day, he submitted a first amended complaint.  <u>See</u> Docket No. 12. That pleading significantly alters the factual allegations that comprise the basis of plaintiff's existing claim against Quezada.  Federal Rule of Civil Procedure 15(a) allows a litigant to file an amended pleading at this stage of litigation without leave of court, so the first amended complaint is, under that rule, properly filed in this case.  However, under 28 U.S.C. § 1915A, the

1

1   court must screen the amended complaint by the same standards as it screened the original

2   complaint plaintiff has now submitted for service.  That is, the court must dismiss the amended

3   complaint if the prisoner has raised claims that are legally "frivolous or malicious," that fail to

4   state a claim upon which relief may be granted, or that seek monetary relief from a defendant

5   who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

6          A claim is legally frivolous when it lacks an arguable basis either in law or in

7   fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

8   28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

9   indisputably meritless legal theory or where the factual contentions are clearly baseless.

10  Neitzke, 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however

11  inartfully pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d

12  639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

13         When considering whether a complaint states a claim upon which relief can be

14  granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200

15  (2007), and construe the complaint in the light most favorable to the plaintiff.  See Scheuer v.

16  Rhodes, 416 U.S. 232, 236 (1974).  Pro se pleadings are held to a less stringent standard than

17  those drafted by lawyers.  See Haines v. Kerner, 404 U.S. 519, 520 (1972).  Still, to survive

18  dismissal for failure to state a claim, a pro se complaint must contain more than "naked

19  assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of

20  action."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007).  In other words,

21  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory

22  statements do not suffice."  Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a

23  claim upon which the court can grant relief must have facial plausibility.  Twombly, 550 U.S. at

24  570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the

25  court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

26  Iqbal, 129 S. Ct. at 1949.  Attachments to a complaint are considered to be part of the complaint

2

1   for purposes of a motion to dismiss for failure to state a claim.  <u>Hal Roach Studios v. Richard</u>

2   <u>Feiner & Co.</u>, 896 F.2d 1542, 1555 n.19 (9th Cir.1990).

3          Although the original complaint adequately apprises the court and defendant

4   Quezada of the nature of plaintiff's claim against him and the factual allegations underlying the

5   claim, the court cannot refer to the original complaint in order to make plaintiff's amended

6   complaint acceptable under the screening analysis of 28 U.S.C. § 1915A.  Local Rule 220

7   requires that an amended complaint be complete in itself without reference to any prior pleading.

8   This is because, as a general rule, an amended complaint supersedes the original complaint.  <u>See</u>

9   <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967).  Once a plaintiff files an amended complaint, the

10  original pleading no longer serves any function in the case for purposes of stating the factual

11  bases of plaintiff's claims.  Therefore, in an amended complaint, as in an original complaint,

12  each claim and the involvement of each defendant must be sufficiently alleged.

13         The court finds the allegations in plaintiff's first amended complaint too vague

14  and conclusory to determine whether the action, standing on its own as pled in the first amended

15  complaint, is frivolous or fails to state a claim for relief.  Although the Federal Rules adopt a

16  flexible pleading policy, a complaint must give fair notice and state the elements of the claim

17  plainly and succinctly.  Fed. R. Civ. P. 8(a)(2); <u>Jones v. Community Redev. Agency</u>, 733 F.2d

18  646, 649 (9th Cir. 1984).  Plaintiff must allege with a greater degree of particularity, than that

19  alleged in the amended complaint, overt acts in which defendants engaged that support plaintiff's

20  claim.  <u>Id.</u>  Because plaintiff has failed to comply with the requirements of Federal Rule of Civil

21  Procedure 8(a)(2), the first amended complaint must be dismissed.

22         The court's determination that the first amended complaint fails the screening

23  requirement of 28 U.S.C. § 1915A leaves the original complaint as the operative pleading in this

24  case.  By separate order, the court will order that the original complaint be served with the

25  completed service documents that plaintiff has properly submitted.

26  /////

3

1            Accordingly, IT IS HEREBY ORDERED that the first amended complaint

2    (Docket No. 12) is dismissed.  By separate order, the court will order that the original complaint

3    be served with the completed service documents submitted by plaintiff.

4    DATED:  December 3, 2010.

5

6                                                      _____

7                        U.S. MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26    4
      ches1260.ord